IN THE UNITED STATES DISTRICT COURT OF TEXAS
(SOUTHERN DISTRICT)

| | |
|---|---|
| BRIAN R. MARTIN, personally, and as father and next friend of K. W. M., a minor child, JO ANN MARTIN, RICHARD R. MARTIN, JULIE M. ELIZONDO, DEAN A. GREGORY, LAWRENCE LORENTE, and BRUCE JEFFRIES,<br><br>    Plaintiffs,<br><br>v.<br><br>ALLISON L. MARKOSKI,<br><br>    Defendant. | CASE NO. _____<br><br><br><br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

## ORIGINAL COMPLAINT

The above named Plaintiffs bring this action complaining of Allison L. Markoski, and for statutory and actual damages, punitive damages and attorneys fees for multiple violations of the federal and Texas Wiretap Acts, as well as pendent state claims. Specifically, Plaintiffs assert the following claims against the Defendant:

### PERSONAL JURISDICTION AND VENUE

1. Plaintiff Brian R. Martin (hereinafter "Brian") is a resident of Pasadena, Harris County, Texas.

2. Plaintiff K.W.M., a minor child, is the son of Brian, and is a resident of Houston, Harris County, Texas.

3. Plaintiff Jo Ann Martin (hereinafter "Jo Ann") is a resident of Katy, Harris County, Texas.

4. Plaintiff Richard R. Martin (hereinafter "Richard") is a resident of Katy, Harris County, Texas.

5. Plaintiff Julie M. Elizondo (hereinafter "Julie") is a resident of Pasadena, Harris County, Texas.

6. Plaintiff Dean A. Gregory (hereinafter "Dean") is an attorney licensed to practice law in Texas and is a resident of Houston, Harris County, Texas.

7. Plaintiff Lawrence Lorente (hereinafter "Lawrence") is an attorney licensed to practice law in Texas and is a resident of Houston, Harris County, Texas.

8. Plaintiff Bruce Jeffries (hereinafter "Bruce") is a resident of Houston, Harris County, Texas.

9. Defendant Allison L. Markoski (hereinafter "Allison") is a resident of Houston, Harris County, Texas.

10. Venue is proper because the Defendant resides in the State of Texas and/or the events upon which Plaintiffs' cause of action are based occurred in the State of Texas.

11. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1367(a) as this action arises under 18 U.S.C.A. § 2510 et seq. as more fully appears hereinafter. Plaintiffs invoke the pendent jurisdiction of this Court to hear and decide claims arising out of state law.

## GENERAL ALLEGATIONS

12. Brian and Allison are former spouses who were divorced pursuant to a Decree of Divorce entered on or about April 2, 2008 in the Judicial District Court of Harris County, Texas in the case captioned *Allison Markoski v. Brian Rhett Martin*, appearing at case number 2007-34513.

13. Brian and Allison are the parents of one minor child, K.W.M., age 9.

14. The divorce decree between Brian and Allison entered on April 2, 2008 provides that Allison is awarded sole managing conservator of the parties' minor child and that Brian is awarded possessory conservator of the minor child.

15. On or about January 6, 2011, Brian filed a Suit Affecting Parent Child Relationship (SAPCR) seeking to modify the conservatorship in the parties' original Divorce Decree, and subsequently amended asking to be made sole managing conservator of the parties' minor child.

16. At a time unknown to the Plaintiffs, but, on information and belief, after Brian filed the Petition to Modify Parent-Child Relationship, Allison intentionally inserted a recording device in K.W.M.'s clothing and secretly intercepted communications between or among K.W.M. and the other Plaintiffs set forth herein and/or between or among those Plaintiffs themselves (without K.W.M.'s participation).

2

17. Allison intercepted said communications without the knowledge or consent of the Plaintiffs, constituting an invasion of Plaintiffs' privacy, including trespass into the Plaintiffs' seclusion; intentional infliction of emotional distress; public disclosure of private facts; and a violation of the federal Wiretap Act and the Texas Civil Wiretap Act.

18. Allison knew by placing the recording device in K.W.M.'s clothing that it would record conversations to which she would not otherwise be privy.

19. On information and belief, Allison downloaded the recordings on a computer and may have made copies and/or disclosed the recordings to others.

20. Brian first discovered the existence of the recordings in March 2012, when he discovered a recording device sewn into K.W.M.'s clothing. The other Plaintiffs also learned of the recordings in March 2012.

### I. VIOLATION OF 18 U.S.C.A. § 2510 ET SEQ. ("WIRETAP ACT")

21. Plaintiffs restate and reallege paragraphs 1 through 20 above.

22. Defendant engaged in one or more of the following acts in violation of federal law: (a) Defendant intentionally intercepted, endeavored to intercept, or procured other persons to intercept or endeavor to intercept oral communication; (b) Defendant intentionally disclosed, or endeavored to disclose, to other persons the contents of oral communications, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of the above-referenced law; and/or (c) Defendant intentionally used, or endeavored to use, the contents of oral communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of the above-referenced law.

23. As a result of Defendant's conduct, each Plaintiff is entitled to damages and other relief against the Defendant as set forth in 18 U.S.C.A. § 2520 (2008), including statutory damages of Ten Thousand Dollars ($10,000.00), punitive damages, and reasonable attorney's fees and other litigation costs reasonably incurred.

### II. VIOLATION OF TX. CIV. PRAC. & REM. CODE §123.001, ET SEQ.

24. Plaintiffs restate and reallege paragraphs 1 through 23 above.

25. Defendant's conduct violated the Texas Civil Wiretap Act, Tex. Civ. Prac. & Rem. Code, § 123.001 et. seq. (Vernon Supp. 2011).

3

26. As a result of Defendant's conduct, each Plaintiff is entitled to damages and other relief against the Defendant as set forth in Tx. Civ. Prac. & Rem. Code, § 123.004, including an injunction prohibiting further interception, attempted interception, or divulgence or use of information obtained by an interception, statutory damages of Ten Thousand Dollars ($10,000.00) for each occurrence, all actual damages in excess of $10,000, punitive damages, and all reasonable attorney's fees and other litigation costs reasonably incurred in this matter.

### III. INVASION OF PRIVACY

27. Plaintiffs restate and reallage paragraphs 1 through 26 above.

28. Plaintiffs had an objectively reasonable expectation of seclusion and solitude in their private homes, vehicles, and/or offices and in the conversations that may take place therein.

29. Defendant by her concerted action accomplished an intrusion upon the Plaintiffs in their places of seclusion by her conduct as described herein.

30. The intrusion upon the Plaintiffs in their respective places of seclusion as described herein would be highly offensive to a reasonable person.

31. Defendant's conduct described above is the proximate cause of damages incurred by each Plaintiff, the amount of which is uncertain at this time but will be proven at trial.

### IV. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32. Plaintiffs restate and reallege paragraphs 1 through 31 above.

33. The Defendant acted intentionally and recklessly in inserting a recording device in K.W.M.'s clothing to intercept communications, without the knowledge or consent of the Plaintiffs, and to which she would not otherwise be privy. Such conduct was extreme and outrageous and has caused Brian and K.W.M. severe emotional distress.

34. The actions of the Defendant as described herein were so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and should be regarded as atrocious and utterly intolerable in a civilized community.

35. Brian and K.W.M. have incurred and continue to incur mental suffering and emotional distress as a result of the Defendant's invasion of the Plaintiffs' privacy and are entitled to damages in order to recover fully for the wrong imposed by the Defendant. The amount of such damages is uncertain at this time, but is to be proven at trial.

## V. Attorneys Fees

36. Plaintiffs restate and reallege paragraphs 1 through 35 above.

37. In order to protect their rights it was necessary for Plaintiffs to retain the services of the undersigned attorneys, licensed attorneys, to prepare and prosecute this suit. Plaintiffs have agreed to pay these attorneys a reasonable fee for services rendered in this case on their behalf. Plaintiffs are entitled to recover reasonable attorneys fees under both the Federal and Texas Wiretap Acts.

WHEREFORE, Plaintiffs BRIAN R. MARTIN, personally, and as father and next friend of K.W.M. W. MARTIN, a minor child, JO ANN MARTIN, RICHARD R. MARTIN, JULIE M. ELIZONDO, DEAN A. GREGORY, LAWRENCE LORENTE, and BRUCE JEFFRIES request that this Court:

- A. Enter an injunction prohibiting further interception, attempted interception, or divulgence or use of information obtained by an interception;
- B. Award punitive damages against the Defendant in an amount to be determined at trial;
- C. Award statutory damages for federal claims for each Plaintiff against the Defendant in the amount of $10,000.00 ($80,000.00 total);
- D. Award statutory damages for state claims for each Plaintiff against the Defendant in an amount to be determined at trial;
- E. Award Plaintiffs actual damages incurred in excess of $10,000;
- F. Award general damages for harm to the Plaintiffs' interest in privacy in an amount to be determined at trial;
- G. Award special damages in an amount to be determined at trial;
- H. Award judgment against Defendant for reasonable attorneys fees incurred herein; costs of this action;
- I. Award costs of this action as allowed by law to Plaintiffs;
- J. Award pre and post judgment interest as allowed by law; and
- K. Award such other relief as the Court may deem just and equitable.

## JURY DEMAND AND DESIGNATION OF PLACE OF TRIAL

Plaintiffs hereby demand trial by jury on all issues and designate the United States District Court of Texas for the Southern District sitting in Houston, Texas, as the place of trial.

Respectfully Submitted,

By:    /s/ John A. Kinney
John A. Kinney, #20524
Jill M. Mason, #23960
KINNEY LAW, P.C., L.L.O.
10812 Elm Street
Omaha, NE 68144
Telephone: (402) 905-2220
Facsimile: (402) 905-2224

*Of Counsel:*

BAIN & BAIN PLLC

/s/ Joan Lucci Bain
Joan Lucci Bain
State Bar No. 01548020
Federal ID No. 67
BAIN & BAIN, PLLC
10575 Katy Freeway, Suite 405
Houston, TX 77024
Telephone: (713) 629-6222
Facsimile: (713) 629-6226

ATTORNEYS FOR PLAINTIFFS